UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN SOUSA, ) <br> JACQUELINE CLIFTON, Plaintiffs ) <br> ) <br> v. ) <br> ) <br> NATIONAL ENTERPRISE SYSTEMS, INC.) <br> and ) <br> JANE DOE a.k.a. BARBARA DUNSON, ) <br>     Defendants ) | CASE NUMBER: <br><br> COMPLAINT <br><br> JURY TRIAL DEMANDED <br><br><br><br> FEBRUARY 16, 2007 |

## I. INTRODUCTION

1. This is a suit brought by consumers who have been harassed and abused by Defendant collection agency and their representative.  This action is for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and also includes pendant state law claims for violations of Connecticut's Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*, as well as intentional infliction of emotional distress.

## II. PARTIES

2. The plaintiff, John Sousa, is a natural person residing in New London, Connecticut.

3. The plaintiff, Jacqueline Clifton, is a natural person residing in New London, Connecticut.

4. The defendant, National Enterprise Systems, Inc. ("NES"), is an Ohio corporation that is engaged in the practice of debt collection in Connecticut.

5. The defendant, Jane Doe a.k.a. Barbara Dunson ("Dunson"), is believed to be an Ohio resident and an employee of NES.

## III. JURISDICTION

6. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, and 1337, and Fed. R. Civ. P. 18(a).

7. This Court has jurisdiction over NES because it engages in debt collection within Connecticut.

8. This Court has jurisdiction over Dunson because she was engaged in debt collection within Connecticut.

9. Venue in this Court is proper, as the Plaintiffs are residents of Connecticut and the acts complained of occurred in this state.

## IV.  FACTUAL ALLEGATIONS

10. Plaintiffs are brother and sister residing in the same household.  Mrs. Clifton has power of attorney for Mr. Sousa.

11. In November of 2006, NES representatives began telephoning the Mr. Sousa at his residence in order to collect a debt that was owed to a creditor.

12. At the same time, Mr. Sousa was recovering from a severe heart attack which left him with only 30% of heart function.

13. In late November of 2006, Dunson of NES left a message at Plaintiffs' residence for Mr. Sousa to call back; which was returned by Mrs. Clifton on Mr. Sousa's behalf.

14. During this conversation, Dunson stated that if the debt was not paid immediately, Dunson would send a sheriff with papers placing a lien on Mr. Sousa's real and personal property.

15. During this same conversation, Dunson stated that the amount due included court fees even though no legal action had been taken.

16. During this same conversation, Dunson stated that Mrs. Clifton should pay the debt personally in order to avoid Mr. Sousa being arrested.

17. During this same conversation, Dunson told Mrs. Clifton not to tell Mr. Sousa about this conversation because it would probably upset him.

18. Mrs. Clifton explained to each NES representative that called, including Dunson, that Mr. Sousa was recovering from a serve heart attack and to please stop calling.

19. Mrs. Clifton explained to each NES representative that called, including Dunson, that Mr. Sousa was extremely susceptible to stress and that these calls were aggravating his condition.

20. As a result of NES's collection activities, Mr. Sousa required a nitroglycerin pill, which was prescribed for stress, and Mrs. Clifton also experienced unusually high levels of stress and anxiety to the point that she broke down and cried after each NES call.

## V.  CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

21. Paragraphs 1-20 are herein incorporated.

22. Dunson, within her scope of employment and as NES's representative, threatened to have a sheriff serve Plaintiffs with papers representing a lien on Mr. Sousa's real and personal property, which violated the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §1692e(4) since neither Dunson nor her employer NES had any intention of actually following through with this threat.

23. Dunson's threatened actions, within her scope of employment and as NES's representative, as stated in paragraph 22, also violated the FDCPA §1692e(5) since neither Dunson nor her employer NES had the legal authority to take such action.

24. Dunson, within her scope of employment and as NES's representative, violated the FDCPA §1692(e)(2)(A) by falsely representing the amount of the debt as including court costs even though no legal action had been taken.

25. NES is liable for the actions of Dunson, as stated in paragraphs 22-24, since she was acting as an agent for NES and as such has committed the same violations as described in those paragraphs.

26. NES violated the FDCPA §1692f through conduct meant to harass, oppress, and abuse Plaintiffs; such conduct including the leaving of messages on a constant basis over a three week period in November of 2006 which insinuated that Mr. Sousa was purposely avoiding NES for unjustified reasons.

27. For Dunson's and NES's violations of the Fair Debt Collection Practices Act as described above, the Plaintiffs are entitled to recover their actual damages (including emotional distress), statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## SECOND CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

28. Paragraphs 1-20 are herein incorporated

29. Dunson and NES knew, or reasonably should have known, that their conduct would likely cause emotional distress to Plaintiffs.

30. Dunson's and NES's conduct did cause Plaintiffs to suffer emotional distress, embarrassment, shame, severe stress and anxiety.

31. Dunson's and NES's actions were willful, wanton and malicious, in that they intended to cause Plaintiffs distress in hopes that they would pay in order to relieve the stress.

## THIRD CAUSE OF ACTION
### Violations of Conn. Gen. Stat. §§ 42-110a <u>et seq.</u>

32. Paragraphs 1-20 are herein incorporated.

33. Dunson and NES violated Connecticut's Unfair Trade Practices Act ("CUTPA") in their attempts to collect the debt as described above.

34. Dunson's and NES's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous and such as to cause substantial injury to consumers.

35. The Plaintiffs have sustained an ascertainable loss as a result of Dunson's and NES's acts.  Specifically, Mr. Sousa required medication (nitroglycerin) he otherwise would not have needed if not for the stress created by Dunson's and NES's abusive conduct.  Mrs. Clifton has had increased medical expenses also due to the stress created by Dunson's and NES's abusive conduct.

36. Plaintiffs also sustained emotional distress as described above as a result of Dunson's and NES's collection actions.

37. Dunson and NES are liable to Plaintiffs for these losses as well as, in the discretion of the Court, punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

WHEREFORE, the Plaintiffs seeks recovery of monetary damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and such other relief as this Court deems appropriate.

                    PLAINTIFFS, JOHN SOUSA
                            JACQUELINE CLIFTON

By: _____
Daniel S. Blinn, ct02128
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408  Fax. (860) 571-7457